IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff/Respondent, | § | |
| | § | |
| V. | § | Criminal No. C-10-316-1 |
| | § | (Civil No. C-14-342) |
| SERVANDO ALVARADO-CASAS, | § | |
|     Defendant/Movant. | § | |

## MEMORANDUM OPINION & ORDER

Defendant/Movant Servando Alvarado-Casas' (Alvarado-Casas) filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. D.E. 243.[1] The Court has reviewed the motion and concludes that summary dismissal is appropriate because "it plainly appears from the motion . . . and the record of prior proceedings that the moving party is not entitled to relief. . ." Rule 4(b), RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS (2014) (2255 RULES).

### I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

### II. FACTS AND PROCEEDINGS

Alvarado-Casas was indicted in March 2010 in a 13-count indictment that charged him with conspiring with others to transport unlawful aliens by means of a motor vehicle, which caused serious bodily injury to and placed in jeopardy the lives of other persons, along with aiding and abetting each other. D.E. 1. He was arrested in early May, and a second indictment was handed down. D.E. 21, 25.

---

[1] Docket entry references are to the criminal case.

1

A.   **Plea Agreement and Rearraignment**

Alvarado-Casas entered into a written plea agreement with the Government and was rearraigned on July 19, 2010. D.E. 74. In exchange for his guilty plea and his waiver of appellate and § 2255 rights, the Government agreed to dismiss the remaining counts against Alvarado-Casas and recommend that he receive the maximum credit for acceptance of responsibility and a sentence within the guideline range. *Id*., ¶¶ 1-2. The plea agreement waiver read as follows:

> Defendant waives his/her right to appeal both the conviction and the sentence imposed. The Defendant is aware that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. The defendant waives the right to appeal the sentence imposed or the manner in which it was determined. The defendant may appeal only (a) a sentence imposed above the statutory maximum; or (b) an upward departure from the Sentencing Guidelines which had not been requested by the United States, as set forth in 18 U.S.C. § 3742(b). Additionally, the defendant is aware that 28 U.S.C. § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final. The defendant waives the right to contest his/her conviction or sentence by means of any post-conviction proceeding.

D.E. 74 at ¶ 7 (emphasis in original). The agreement was signed by both Alvarado-Casas and his counsel. *Id*., p.5.

At Alvarado-Casas' rearraignment, the Court questioned him under oath to ensure that his plea was voluntary and knowing. The Court confirmed that counsel read and explained the plea agreement to Alvarado-Casas before he signed it, Alvarado-Casas believed he understood the agreement, and there were no offers made to him other than included in the agreement. D.E. 194, p. 15. The Court advised Alvarado-Casas that there were only limited circumstances in which he could appeal his sentence. *Id*., p.19.

B.   **Presentence Investigation Report and Sentencing**

2

At the conclusion of the rearraignment, the Court ordered the U.S. Probation Office to prepare a Presentence Investigation Report (PSR). D.E. 75. The PSR calculated Alvarado-Casas' base offense level as 12 for transportation of unlawful aliens, which was enhanced to a level of 37 for multiple reasons: more than 100 aliens were smuggled, a minor was transported without a parent or grandparent, the offense involved intentionally or recklessly creating a substantial risk of death or injury, a person sustained permanent or life-threatening bodily injury, Alvarado-Casas was a leader/organizer, and Alvarado-Casas used a minor in the commission of the offense. *Id.*, ¶¶ 51-65. For the firearm offense in Cause No. 2:10-CR-706-1, the adjusted offense level totaled 24. *Id.*, ¶¶ 66-70. After the multiple-count adjustment, Alvarado-Casas had an adjusted offense level of 37, and after credit for acceptance of responsibility, a total offense level of 34. *Id.*, ¶¶ 71-75.

Alvarado-Casas' criminal history category was III, based upon criminal history points of 4. *Id.*, ¶¶ 78-80. Alvarado-Casas' guideline sentencing range was 188-235 months with a statutory maximum sentence of 20 years for alien trafficking and a statutory maximum of 10 years for the firearms charge. *Id.*, ¶¶ 95-97.

Alvarado-Casas' counsel filed written objections to the PSR. D.E. 103. Specifically, he objected to increases in Alvarado-Casas' offense level for transportation of a minor, the application of enhancement for endangerment and serious bodily injury, leadership role, and use of a minor in the offense. *Id.* He also argued that Alvarado-Casas' criminal history was over-represented. *Id.*

Sentencing was held on July 8, 2010, during which counsel argued his objections to the Court. D.E. 192. pp. 3-8. The Court sustained the objection regarding criminal history and adjusted Alvarado-Casas' criminal history category to II, which reduced the guideline range to 168 to 210 months. *Id.*, pp. 7-8. The Court sentenced Alvarado-Casas to 120 months for the firearm charge and 190 months for the trafficking charge, to be served concurrently and to be followed by three years

supervised release for each count, also to be served concurrently. *Id*. The Court reminded Alvarado-Casas of his waiver of appeal in his plea agreement. *Id*., p. 14.

Alvarado-Casas filed a timely § 2255 motion claiming in part that counsel failed to file a notice of appeal. After full briefing and an evidentiary hearing, this Court dismissed the § 2255 motion and reentered the criminal judgment to allow Alvarado-Casas to file an out-of-time appeal. The Fifth Circuit found Alvarado-Casas' guilty plea was voluntary and his appeal waiver enforceable, but nonetheless ruled on the merits of his appeal because he raised issues related to the voluntariness of his guilty plea. *United States v. Alvarado-Casas*, 715 F.3d 945 (5th Cir. 2013).

### III.  MOVANT'S ALLEGATIONS

In his § 2255 motion, Alvarado-Casas raises the following grounds for relief: 1) counsel was ineffective because he failed to object to the enhancements applied to increase his offense level as to the number of aliens, 2) the district court erred by applying the reckless endangerment enhancement, 3) transporting a minor should not have been applied because he could not have foreseen that a minor would be transported, 4) the enhancement for leader/organizer was not warranted, and 5) the enhancement for use of a minor to commit the offense was unwarranted. Next Alvarado-Casas further claims he did not understand his appeal waiver, counsel misrepresented his sentencing exposure by advising him that his maximum sentence was ten years, and his criminal history was over-represented.

### IV.  DISCUSSION

**A.    28 U.S.C. § 2255**

There are four cognizable grounds upon which a federal prisoner may move to vacate, set

aside, or correct his sentence: 1) constitutional issues, 2) challenges to the district court's jurisdiction to impose the sentence, 3) challenges to the length of a sentence in excess of the statutory maximum, and 4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

**B.      The Court May Not Address Issues Raised and Decided on Appeal**

A number of Alvarado-Casas' claims in this proceeding were raised and decided against him on appeal, such as the voluntariness of his guilty plea, the applicability of the enhancements to his sentence, and the voluntariness of his appeal waiver. *See Alvarado-Casas*, 715 F.3d at 954-56.

"It is settled in this circuit that issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 Motions." *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986) (citing *United States v. Jones*, 614 F.2d 80, 82 (5th Cir. 1980)).As a result, Alvarado-Casas may not relitigate the voluntariness of his guilty plea or the voluntariness of his appeal waiver, including the waiver of his right to file a motion to vacate. Accordingly, the Court turns to the effect of his waiver of § 2255 rights on his remaining claims. A knowing and voluntary waiver of his right to file a § 2255 motion precludes consideration of all of Alvarado-Casas' claims.

### V.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Alvarado-Casas has not yet filed a notice of appeal, the § 2255 Rules

instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A Certificate of Appealability (COA) "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484 (emphasis added).

Based on the above standards, the Court concludes that Alvarado-Casas is not entitled to a COA on any of his claims. That is, reasonable jurists could not debate the Court's resolution of his claims, nor do these issues deserve encouragement to proceed. *See Jones*, 287 F.3d at 329.

## VI. CONCLUSION

For the foregoing reasons, Alvarado-Casas' motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 243) is **DENIED** with prejudice pursuant to Rule 4(b). He is also **DENIED** a Certificate of Appealability

6

It is so **ORDERED.**

**SIGNED** on this 10th day of February, 2015.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE