**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>　　Plaintiff, | § <br> § <br> § <br> § | |
| V. | § <br> § | CR. No. 2:10-316-1 |
| SERVANDO ALVARADO-CASAS,<br>　　Defendant/Movant. | § <br> § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant/Movant Servando Alvarado-Casas' (Alvarado-Casas) *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 311). He seeks relief from his sentence pursuant to *Johnson v. United States*, 135 S.Ct. 2551 (2015), and *Sessions v. Dimaya*, 138 S.Ct. 1204 (2018).

## BACKGROUND

Alvarado-Casas was sentenced in 2010 to 190 months in the Bureau of Prisons for conspiracy to transport unlawful aliens. He did not appeal, but filed a motion to vacate, set aside, or correct sentence in 2011. The Court granted him an out-of-time appeal. After his appeal, Alvarado-Casas filed a § 2255 motion. The Court denied the motion. In June 2016, Alvarado-Casas filed a letter motion that this Court recharacterized as a § 2255 motion and denied as a second or successive § 2255 motion. The Court transferred the motion to the Fifth Circuit Court of Appeals, which denied Alvarado-Casas a certificate of appealability.

## ANALYSIS

Because Alvarado-Casas' present motion was filed after a previous § 2255 motion, his current motion is a second or successive motion. In pertinent part, 28 U.S.C. § 2255(h) provides:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Where a claim is second or successive, the movant is required to seek, and acquire, the approval of the Fifth Circuit before filing a second § 2255 motion before this Court. 28 U.S.C. § 2244 (b)(3)(A); *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000).

Alvarado-Casas' motion does not indicate that he has sought or obtained permission from the Fifth Circuit to file the present motion. Until he does so, this Court does not have jurisdiction over the motion.

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). Although Alvarado-Casas has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 RULES.

A certificate of appealability (COA) "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court finds that Alvarado-Casas cannot establish at least one of the *Slack* criteria. Accordingly, he is not entitled to a COA as to his claims.

## CONCLUSION

For the foregoing reasons, Alvarado-Casas' motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (D.E 311) is **DENIED** as second or successive, and he is **DENIED** a Certificate of Appealability.

**It is so ORDERED.**

Signed this **22** day of _____ **May** _____, 2018.

JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE

3